The greater weight of the evidence in this case establishes that the Barcode Labeler position at issue is not a real job available in the competitive job market. It is make-work and, therefore, does not constitute suitable employment for Plaintiff. Specifically, the evidence indicates that all of Defendant's employees working as Barcode Labelers, including Plaintiff, have work restrictions that require accommodation and that the positions are, in the words of Defendant's Safety Coordinator Jared Noah, "reserved mainly for the Workers' Comp claimants who have . . . permanent restrictions that wouldn't enable them to work on the production floor." Although Mr. Noah testified that the position is a crucial and important production job, there was no evidence submitted demonstrating that the job is or has been available on the competitive job market. Peoples v. Cone Mills,Inc., 316 N.C. 426, 342 S.E.2d 798 (1986). Notably, the evidence indicates that the Barcode Labeler position offered to Plaintiff in February 2008 was being reserved for him pending this litigation.
Outside of the unsuitable job offer from Defendant, the evidence establishes that Plaintiff has been unable to obtain suitable employment despite performing a job search with the guidance of a vocational rehabilitation professional retained by Defendant. Defendant subsequently paid for him to pursue a two-year degree at community college. Therefore, Plaintiff remains temporarily totally disabled and entitled to appropriate compensation. Russell v. Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1993).
Therefore, I must respectfully dissent from the majority opinion.
This the __ day of March 2010. *Page 1